CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 0 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ARTHUR B. COLEMAN, | ) |
| Petitioner, | ) Civil Action No. 7:05CV00641 |
| v. | ) MEMORANDUM OPINION |
| B.A. BLEDSOE, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Respondent. | ) |

The petitioner, Arthur B. Coleman, a federal inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. By order entered October 21, 2005, United States Magistrate Judge Michael F. Urbanski advised Coleman that his petition should be construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, since Coleman claims that his conviction and sentence are invalid. Coleman was advised that the court would so construe the petition absent his objection within ten business days from the entry of the order. Coleman has filed a response to the magistrate judge's order, in which he argues that his claims should be considered under § 2241. For the following reasons, Coleman's petition must be dismissed.

Coleman is currently incarcerated at the United States Penitentiary in Lee County, Virginia. On November 3, 2004, Coleman was convicted of theft of government property and attempted theft of government property in the United States District Court for the District of Maryland. Coleman was sentenced to a total term of imprisonment of twenty-four months. In his petition, Coleman asserts that the trial court lacked subject matter jurisdiction over the charge of attempted theft, that his base offense level was improperly increased, and that his conviction and sentence violated the

1

Double Jeopardy Clause of the Fifth Amendment.

As the magistrate judge explained in his previous order, an inmate may not challenge the validity of his conviction or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In response to the magistrate judge's order, Coleman argues that a § 2255 motion is inadequate because he has already raised the same issues in a § 2255 motion, which was "returned" by the United States District Court for the District of Maryland. However, a procedural impediment to § 2255 relief, such as the rule against successive motions or the statute of limitations, does not render § 2255 review inadequate. See In re Vial, 115 F.3d 1192, 1194 at n. 5 (4th Cir. 1997). Considering Coleman's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241.* Accordingly, Coleman's petition must be dismissed.

The Clerk is directed to send certified copies of this opinion and the accompanying order to

---

* There is no indication that the substantive law has changed such that the conduct for which Coleman was convicted is deemed not to be criminal. In re Jones, 226 F.3d at 333-34.

2

the petitioner and counsel of record for the respondent.

ENTER: This $2^{d}$ day of November, 2005.

/s/ Jack Conrad
United States District Judge

3